UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACIE MCGUIRE,<br><br>    Plaintiff,<br><br>    v.<br><br>TOWN OF CHEEKTOWAGA;<br>BRIAN WESOLOSKI, individually, and<br>in his capacity as a Town of Cheektowaga<br>Police Officer; JOSE DOMENECH,<br>individually, and in his capacity as a Town<br>of Cheektowaga Police Officer; DENNIS<br>KUSAK, individually, and in his capacity as<br>a Town of Cheektowaga Police Officer;<br>JOHN WANAT, individually, and in his<br>capacity as a Town of Cheektowaga Police<br>Officer; PAT CHLUDZINSKI, individually,<br>and in his capacity as a Town of Cheektowaga<br>Police Officer; JOHN DOE(S), individually,<br>and in his/her capacity as a Town of<br>Cheektowaga Police Officer; and<br>COREY MCGUIRE,<br><br>    Defendants. | Case No. 1:20-cv-01632 |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO
CERTIFY THE TOWN DEFENDANTS' APPEAL AS FRIVOLOUS
AND FOR RECONSIDERATION**
(Doc. 54)

Plaintiff Stacie McGuire brings this civil rights action against Defendants Town of Cheektowaga (the "Town"), Brian Wesoloski, Jose Domenech, Dennis Kusak, John Wanat, and Pat Chludzinski (the "Law Enforcement Defendants") (collectively, the "Town Defendants"), arising out of an incident on November 8, 2017 that resulted in her arrest and detention. She moves to certify the Town Defendants' appeal from the court's Opinion and Order granting in part and denying in part the Town Defendants' motion for

summary judgment (the "Summary Judgment Opinion and Order") as frivolous and for reconsideration of the court's Summary Judgment Opinion and Order. (Doc. 54.) On March 20, 2024, the Town Defendants opposed Plaintiff's motion. (Doc. 55.) Plaintiff filed her reply on March 26, 2024, (Doc. 57), at which point the court took the pending motion under advisement.

Plaintiff is represented by Chad A. Davenport, Esq., R. Anthony Rupp, III, Esq., and Young Woo Kim, Esq. The Town Defendants are represented by Kevin Eugene Loftus, Jr., Esq., and Nicholas M. Hriczko, Esq.

## I.     Factual and Procedural Background.

Plaintiff alleged the following claims against the Town Defendants: false arrest for violations of her rights under the Fourth and Fourteenth Amendments (Count I); false imprisonment for violations of her rights under the Fourth and Fourteenth Amendments (Count II); malicious prosecution (Count III); failure to intervene for violations of her rights under the Fourth and Fourteenth Amendments (Count IV); deliberate indifference to her serious medical needs pursuant to her rights under the Fifth, Eighth, and Fourteenth Amendments (Count V); conspiracy to violate her rights pursuant to the Fourth and Fourteenth Amendments (Count VI); and violation of her due process rights pursuant to the Fourteenth Amendment (Count VII). She also brings a claim against the Town for violation of her rights pursuant to the Fourth and Fourteenth Amendments for the Town's policy, custom, and practice of failing to supervise and train its police officers (Count VIII). Plaintiff requests compensatory and punitive damages.

On January 31, 2024, the court issued the Summary Judgment Opinion and Order, granting in part and denying in part the Town Defendants' February 10, 2023 motion for summary judgment. (Doc. 33.) The court concluded that disputed issues of fact precluded judgment as a matter of law on some of Plaintiff's claims and on the Town Defendants' arguments that they were entitled to qualified immunity. The Summary Judgment Opinion and Order denied summary judgment on Plaintiff's claims for false arrest (Count I), false imprisonment (Count II), and malicious prosecution (Count III), and granted summary judgment on Plaintiff's claims for deliberate indifference to serious medical

needs (Count V), conspiracy to violate her constitutional rights (Count VI), violation of her right to substantive due process (Count VII), and supervisory liability (Count VIII). Regarding Plaintiff's claim for failure to intervene (Count IV), the Summary Judgment Opinion and Order denied the Town Defendants' motion as it pertained to her arrest but granted the motion as it pertained to her prosecution.

The Summary Judgment Opinion and Order also dismissed Plaintiff's request for punitive damages against the Town but denied without prejudice the motion as it pertained to Plaintiff's punitive damages request against the individual law enforcement officers in their individual capacities. The Town Defendants thereafter filed an interlocutory appeal of the denial of their motion for summary judgment on the issue of qualified immunity.

## II. Conclusions of Law and Analysis.

### A. Whether the Court Should Certify the Town Defendants' Appeal as Frivolous.

Plaintiff argues the Town Defendants' appeal is frivolous because their qualified immunity claims require a resolution of genuine disputes of material fact and because they did not preserve any arguments that would permit the Second Circuit to resolve issues that are exclusively matters of law.[1]

"[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). If a district court's qualified immunity decision is "based on determinations of evidentiary sufficiency[,]" or "if resolution of the immunity defense depends upon disputed factual issues[,]" it is not immediately appealable. *Jok v. City of*

---

[1] Plaintiff cites several decisions from other district courts in the Second Circuit in which the court applied a "dual jurisdiction" rule to "certify as 'frivolous' an appeal from a denial of qualified immunity if the denial was based on a factual dispute." *Kistner v. City of Buffalo*, 2023 WL 21219, at *4 (W.D.N.Y. Jan. 3, 2023) (declining to apply the dual jurisdiction rule due to the Second Circuit's silence on the practice). The Second Circuit has not endorsed this practice.

*Burlington*, 96 F.4th 291, 295 (2d Cir. 2024) (internal quotation marks and citations omitted).

> However, even when a district court denies qualified immunity based on the presence of disputed material facts, an appellant may still invoke appellate jurisdiction on an interlocutory basis if the appellant contends that on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find, the immunity defense is established as a matter of law.

*Id.* (internal quotation marks and citation omitted). It is the appellant's burden to demonstrate that this requirement has been met. *Id.*

The Town Defendants intend to argue on appeal that they are entitled to qualified immunity based on "the undisputed facts or even Plaintiff's version of the facts." (Doc. 55 at 6.) Provided the Town Defendants agree to "facts that the plaintiff alleges are true," or "facts favorable to the plaintiff that the trial judge concluded the jury might find[,]" and rely on those facts when raising arguments on appeal, the barrier to an interlocutory appeal is removed. *Jok*, 96 F.4th at 295. Although Plaintiff asserts that any such arguments would not be preserved because the Town Defendants' arguments before this court were based on their version of the facts, lack of preservation is not a jurisdictional defect. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) ("We recognize that this court has discretion to consider arguments waived below because our waiver doctrine is entirely prudential."). For this reason, the court DENIES Plaintiff's request to certify the Town Defendants' appeal as frivolous.

### B. Whether the Court Should Reconsider its Grant of the Town Defendants' Motion for Summary Judgment on her Failure to Intervene Claim Regarding her Prosecution.

Plaintiff contends the court's conclusion that there was sufficient evidence to support the Town Defendants' personal involvement for her malicious prosecution claim is inconsistent with its conclusion that there was insufficient evidence of the Town Defendants' personal involvement for her failure to intervene claim as it relates to her prosecution. She asks the court to modify its decision to permit her to bring her failure to intervene claim in the alternative to her malicious prosecution claim.

4

"It is well-settled that a party may move for reconsideration and obtain relief only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "[T]he standard for granting a . . . motion for reconsideration is strict[.]" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (alteration adopted) (internal quotation marks omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" *Id.* (internal quotation marks omitted) (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Plaintiff does not cite an intervening change of controlling law or proffer new evidence.

In granting partial summary judgment in the Town Defendants' favor with respect to Plaintiff's failure to intervene claim, the court concluded that "Plaintiff adduced evidence that the Law Enforcement Defendants were present for and participated to varying degrees in her arrest[,]" but that she did not "establish[] that they played a material role in bringing charges against her." (Doc. 49 at 21.) Plaintiff now cites evidence that Officer Wesoloski signed the criminal complaint containing the charges against her as the reporting officer. *See Shabazz v. Kailer*, 201 F. Supp. 3d 386, 392 (S.D.N.Y. 2016) ("A [New York] police officer may initiate criminal proceedings by bringing charges and having the plaintiff arraigned, by filling out complaining and corroborating affidavits, and by signing felony complaints."). Officer Chludzinski also signed the criminal complaint as the supervisor, however, his role was to review reports for completeness rather than for the adequacy of the charging officer's probable cause determination. (Doc. 40 at 420.) Plaintiff further cites deposition testimony that Officers Domenech, Wanat, and Kusak were present for discussions regarding whether to arrest Plaintiff.

In Plaintiff's memorandum of law in opposition to the Town Defendants' motion

for summary judgment, she did not cite admissible evidence of any individual officer's involvement in filing criminal charges against her. Instead, she repeatedly referred to the Town Defendants generally. Although she cited the criminal complaint, she did not cite evidence that anyone other than Officer Wesoloski, who signed the criminal complaint, played a material role in initiating or continuing the prosecution against her. Nor does plaintiff cite "*controlling* decisions" that the court overlooked. *Shrader*, 70 F.3d at 257 (emphasis supplied).

Because Plaintiff has not pointed to a clear error of law or a plausible manifest injustice that would require reconsidering summary judgment on her failure to intervene claim for malicious prosecution, the court DENIES Plaintiff's motion for reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to certify the Town Defendants' appeal as frivolous and for reconsideration is DENIED. (Doc. 54.)

SO ORDERED.

Dated this 28th day of August, 2024.

Christina Reiss, District Judge
United States District Court