UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACIE MCGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-01632 |
| ) | |
| TOWN OF CHEEKTOWAGA; ) | |
| BRIAN WESOLOSKI, individually, and ) | |
| in his capacity as a Town of Cheektowaga ) | |
| Police Officer; JOSE DOMENECH, ) | |
| individually, and in his capacity as a Town ) | |
| of Cheektowaga Police Officer; DENNIS ) | |
| KUSAK, individually, and in his capacity as ) | |
| a Town of Cheektowaga Police Officer; ) | |
| JOHN WANAT, individually, and in his ) | |
| capacity as a Town of Cheektowaga Police ) | |
| Officer; PAT CHLUDZINSKI, individually, ) | |
| and in his capacity as a Town of Cheektowaga ) | |
| Police Officer; JOHN DOE(S), individually, ) | |
| and in his/her capacity as a Town of ) | |
| Cheektowaga Police Officer; and ) | |
| COREY MCGUIRE, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ORDER DENYING
PLAINTIFF'S MOTION TO RETROACTIVELY REDACT AND SEAL**
(Doc. 59)

On May 13, 2024, Plaintiff Stacie McGuire moved to retroactively redact and seal portions of filings and the court's summary judgment Opinion and Order (the "Summary Judgment Opinion and Order") in order to protect her privacy interests. (Doc. 59.) Defendants Town of Cheektowaga (the "Town"), Brian Wesoloski, Jose Domenech, Dennis Kusak, John Wanat, and Pat Chludzinski (collectively, the "Town Defendants")

opposed the motion on May 23, 2024. (Doc. 60.) Plaintiff filed a reply on May 29, 2024, (Doc. 61), at which point the court took the pending motion under advisement.

Plaintiff is represented by Chad A. Davenport, Esq., R. Anthony Rupp, III, Esq., and Young Woo Kim, Esq. The Town Defendants are represented by Kevin Eugene Loftus, Jr., Esq., and Nicholas M. Hriczko, Esq.

## I.   Factual and Procedural Background

The Town Defendants moved for summary judgment on February 10, 2023, (Doc. 33), with regard to Plaintiff's claims against them under 42 U.S.C. § 1983. Plaintiff opposed the motion on April 10, 2023, (Doc. 40), and submitted an affidavit in support of her memorandum. The Town Defendants filed a reply on April 21, 2023. (Doc. 45.) The court held a hearing on the Town Defendants' motion on July 20, 2023, and issued its Summary Judgment Opinion and Order granting in part and denying in part the Town Defendants' motion on January 31, 2024. (Doc. 49.)

Plaintiff now seeks to partially redact her memorandum of law and affidavit submitted in opposition to the Town Defendants' motion for summary judgment, the Town Defendants' reply memorandum of law in support of their motion for summary judgment, and the court's Summary Judgment Opinion and Order in order to seal certain information that implicates her privacy interests because it includes information regarding her medical conditions. She argues that her privacy interests are significant because she has been subject to harassment and discrimination based on those conditions. She further claims her requested redactions are narrowly tailored to protect this information without impairing the public's ability to understand the issues raised in the court's Summary Judgment Opinion and Order.

## II.   Conclusions of Law and Analysis.

### A.   Whether Court Filings and the Court's Summary Judgment Opinion and Order Should Be Sealed.

Motions to seal must be evaluated in the context of the public's qualified right "to inspect and copy judicial records and documents." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns,*

2

*Inc.*, 435 U.S. 589, 597 (1978)). "Such documents are presumptively public so that the federal courts 'have a measure of accountability' and so that the public may 'have confidence in the administration of justice.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). "The 'presumption of access' to judicial records is secured by two independent sources: the First Amendment and the common law." *Id.* at 141 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)); *see also Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) ("Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law.").

"[A] court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch*, 435 F.3d at 119. "A 'judicial document' or 'judicial record' is a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein*, 814 F.3d at 139 (quoting *Lugosch*, 435 F.3d at 119). A document is relevant to the performance of the judicial function "if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown*, 929 F.3d at 49 (footnote and emphasis omitted).

"[I]t is well-settled that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 47 (internal quotation marks and citation omitted). It is "axiomatic" that the court's Summary Judgment Opinion and Order is a "quintessential" judicial document. *United States v. Yeghoyan*, 2024 WL 2945976, at *2 (S.D.N.Y. June 11, 2024); *see also Hardy v. Equitable Life Assurance Soc'y of U.S.*, 697 F. App'x 723, 725 (2d Cir. 2017) (summary order) ("It is settled that the court-authored orders in this case are judicial documents, and that the common law presumption therefore attaches.").

Because the Summary Judgment Opinion and Order is, in itself, an "exercise of Article III judicial power" that "determine[s] litigants' substantive legal rights, the presumption of access is at its zenith, and thus can be overcome only by extraordinary circumstances." *Bernstein*, 814 F.3d at 142 (internal quotation marks and citations omitted).

"A 'finding that a document is a "judicial document" triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access.'" *Id.* at 141 (alteration adopted) (quoting *Newsday LLC*, 730 F.3d at 167 n.15). When a presumption of public access arises under the First Amendment, "the proponent of sealing must demonstrate that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 144 (alteration adopted) (internal quotation marks and citation omitted). "Broad and general findings and conclusory assertions are insufficient to justify deprivation of public access to the record; specific, on-the-record findings are required." *Id.* at 144-45 (alteration adopted) (internal quotation marks and citations omitted).

The Second Circuit has recognized that "the privacy interest of those who resist disclosure[]" are an example of a "higher value[.]" *Brown*, 929 F.3d at 47 & n.13 (internal quotation marks and citation omitted). Courts within the Second Circuit have further "recognized a privacy interest in medical records." *See Dabiri v. Fed'n of States Med. Bds. of the U.S., Inc.*, 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023) (alteration adopted) (internal quotation marks and citations omitted). Even where medical records may be sealed, however, courts have declined to seal other references to a party's health made in a court filing. *See Dabiri*, 2023 WL 3741978, at *3 (sealing medical records because they contained "detailed medical information, including examination and evaluation notes from [the p]laintiff's treating doctors[,]" but declining to seal "other mentions of [the p]laintiff's mental competency determination contained on the docket, including those in the parties' motion papers and [the judge's] opinion[]"). Courts are also reluctant to redact sensitive medical information where it is referenced in a court order. *See, e.g., Yeghoyan*, 2024 WL 2945976, at *1, 3 (denying motion to seal court's unredacted decision and order containing plaintiff's "personal medical information[]"

4

despite plaintiff's "significant privacy interest" because privacy interest did not outweigh "public's interest under the law in access to court decisions[]") (alteration adopted) (internal quotation marks omitted).

Plaintiff submitted the information voluntarily and thereby placed her mental health conditions at issue. The Town Defendants point out that some of the documents sought to be redacted have been publicly available for over one year. *See Jin v. Choi*, 2021 WL 3159808, at *1 (S.D.N.Y. June 17, 2021) (noting that plaintiff's request to seal was "undermined by the fact that the documents have been available on the public docket for at least one month, and in several cases close to four or five months[]"). "The Second Circuit and courts within it have repeatedly found sealing improper where the relevant material was already made public." *Shetty v. SG Blocks, Inc.*, 2021 WL 4959000, at *4 (E.D.N.Y. Oct. 26, 2021) (collecting cases); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again.").

Although Plaintiff contends her medical conditions merely provide "relevant background," (Doc. 61 at 4), "every part of every brief filed to influence a judicial decision" is a judicial record entitled to a strong presumption of access. *See Cable News Network, Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 118 (D.C. Cir. 2021) (internal quotation marks and citation omitted). Plaintiff brought a claim for deliberate indifference to her medical needs, and her statements regarding her medical needs are thus relevant to the disposition of that claim. The same or similar information Plaintiff seeks to redact is found in her Complaint. *See* Doc. 1 at 12, ¶ 69; *see also Jin*, 2021 WL 3159808, at *1 (noting that information in document sought to be sealed had previously been revealed in plaintiff's complaint).

Plaintiff argues that she did not "anticipate the severe consequences and concrete harms that would result from leaving unredacted sensitive medical information in the court record[,]" (Doc. 61 at 5), however, this does not demonstrate that redaction is "essential to preserve higher values[.]" *Bernstein*, 814 F.3d at 144 (citation omitted); *see Dabiri*, 2023 WL 3741978, at *3 (concluding party's representation that he had

5

experienced negative employment consequences as result of case did not overcome presumption of access).

For the reasons stated above, Plaintiff has not overcome the presumption of public access to court documents, and her motion to retroactively redact and seal her memorandum of law, (Doc. 40-8), and affidavit, (Doc. 40-5), in opposition to the Town Defendants' motion for summary judgment, the Town Defendants' reply memorandum of law, (Doc. 45), and the Summary Judgment Opinion and Order, (Doc. 49), is therefore DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to retroactively redact and seal is DENIED. (Doc. 59.)

SO ORDERED.

Dated this 28th day of August, 2024.

Christina Reiss, District Judge
United States District Court